■ VERIZON NEW YORK, INC., Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant. [864 NYS2d 4]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered March 13, 2008, which, in an action by plaintiff Verizon to recover for damage to its cables and other property allegedly caused by a burnout in defendant Con Ed's nearby manhole, denied defendant's motion to dismiss the complaint for failure to preserve the damaged property, unanimously modified, on the facts, to direct that plaintiff produce the damaged cables at its own cost, and otherwise affirmed, without costs.

Defendant moved to dismiss the complaint on the ground of spoliation after plaintiff stated in its bill of particulars and discovery responses that it was "no longer in possession of the damaged cables." In opposition to the motion, plaintiff stated that the damaged cables were actually left buried in the ground and could be inspected by defendant at plaintiff's manhole. The motion court adjourned the motion for such inspection, but was advised when the parties returned that the inspection required an excavation at a cost that neither party was willing to assume. The motion court then denied the motion, stating only that an issue of fact existed as to whether the damage to plaintiff's cables was caused by the burnout in defendant's manhole, as plaintiff claims, or by plaintiff's negligence in permitting its cables to undergo a process known as electrolysis, as defendant claims. While we are satisfied that the unavailability of the cables "substantially hinders" defendant's ability to prove that the damage was caused by electrolysis (*see Cohen Bros. Realty v Rosenberg Elec. Contrs.*, 265 AD2d 242, 244 [1999], *lv dismissed* 95 NY2d 791 [2000]), dismissal is too drastic a remedy where the cables were not destroyed and can be inspected if excavated. Instead, plaintiff's failure to preserve for inspection even a portion of the damaged cables, despite its belief all along that the damage was caused by the burnout in defendant's manhole, warrants that plaintiff incur the cost of the excavation (*cf. Ortega v City of New York*, 9 NY3d 69, 76 [2007]). Concur—Gonzalez, J.P., Buckley, Moskowitz, Renwick and DeGrasse, JJ.